UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                                    Criminal No. 18-cr-37-JD
                                                              Opinion No. 2021 DNH 049
Joseph Crocco

O R D E R

Joseph Crocco moves for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that, because of his health conditions, he has an increased risk of serious illness if he were to contract COVID-19.[1]  The government objects to a reduction of Crocco's sentence based on the sentencing factors. The United States Probation and Pretrial Services has filed a report.

## Standard of Review

After an inmate exhausts available administrative remedies, a court may reduce his sentence if the inmate establishes an extraordinary and compelling reason for the reduction and if the reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and applicable policy statements issued by the

---

[1] Crocco filed a pro se motion for reduction of his sentence under § 3582(c)(1)(A).  Counsel was appointed to represent him for purposes of that motion, and counsel filed a supplemental motion and an amended supplemental motion on Crocco's behalf.

Sentencing Commission.  § 3582(c)(1)(A).  Because the Sentencing
Commission has not released an updated policy statement since
enactment of the First Step Act, courts continue to use its most
recent statement from November of 2018, U.S.S.G. § 1B1.13,
without the limitation to the Director of the Bureau of Prisons.
See, e.g., United States v. Gonzalez, 2021 WL 135772, at *1 (D.
Mass. Jan. 14, 2021); United States v. Vigneau, 473 F. Supp. 3d
31, 35 (D.R.I. 2020).  That policy statement is clarified in the
commentary, which states that an extraordinary and compelling
reason may exist based on a serious physical or medical
condition, age of the defendant, family circumstances, or
another reason, as determined by the court.  § 1B.13, cmt. n.1
(A-D).  United States v. Manning, 2021 DNH 006, 2021 WL 77149,
at *1 (D.N.H. Jan. 8, 2021); Vigneau, 473 F. Supp. 3d at 36.

## Background

Crocco was found guilty by jury verdict of bank robbery in
violation of 18 U.S.C. § 2113(a) on September 25, 2018.  He was
sentenced to 144 months of incarceration, and judgment was
entered on October 30, 2019.  Crocco has served almost 25% of
his sentence, with a projected release date of June 20, 2028.

Crocco is currently imprisoned at FCI Williamsburg in
Salters, South Carolina.  In May of 2020, he was found guilty on
a charge of disruptive conduct and lost forty-one days of good

conduct time.  He is assessed at a high risk of recidivism

level.  He filed a request for compassionate release with the

warden and an appeal, which were denied.

The bank robbery that was the basis for Crocco's conviction

occurred in December of 2017.  Police were called to the Service

Credit Union in Hinsdale, New Hampshire, where tellers reported

a robbery.  They stated that a man came into the bank and handed

the teller two notes demanding money and threatening that he

would detonate a bomb in sixty seconds.  The teller handed the

man $2,709 in a plastic bag, and he left.  He was seen running

toward woods behind the property.

The robber was not apprehended at that time.  Officers

shared pictures of the robber taken by security cameras with the

media.  They found a vehicle stuck in the snow behind the

property, had it towed for impoundment, and found a bank card

with Crocco's name on it in the glove compartment.  Crocco

contacted the Hinsdale Police Department and denied that he was

the bank robber.  He was instructed to report to the police

department, which he said he would do, but he never did.  In

February of 2018, Crocco was arrested in Poughkeepsie, New York.

Crocco had a significant criminal history before he robbed

the bank that lead to his conviction in this case.  Beginning in

1993, Crocco was convicted on charges that include possession of

loaded firearms, voluntary manslaughter, unlawful imprisonment,

assault, and criminal contempt, in addition to the bank robbery conviction.  He committed the bank robbery offense while under a sentence for possession of marijuana with the intent to distribute in Virginia.  Crocco is a career offender with a criminal history score of 8.  When he was sentenced in this case, he also had pending charges against him in Strafford County Superior Court, which arose from his actions in October of 2018 while he was in pretrial custody at Strafford County Department of Corrections.

Crocco is currently forty-four years old.  He suffers from a number of medical conditions and has a history of mental illness.  For purposes of his current motion, his counsel cites his past heart surgeries as the most concerning medical condition.  In 2011, while he was in custody, he was stabbed in the heart and had a subsequent stab injury to his chest.  He also has urinary tract issues and needs surgery, which has been delayed because of the COVID-19 pandemic.  In addition, he has a serious autoimmune condition.

The government acknowledges the risk posed by Crocco's medical conditions if he were to contract COVID-19, based on guidance from the CDC's website.  The government had Crocco's medical records reviewed by Dr. Gavin Muir, Chief Medical Officer at Amoskeag Health in Manchester, New Hampshire.  Dr. Muir acknowledges that Crocco has other serious medical

4

conditions but provided his opinion that those conditions do not increase his risk if he were to contract COVID-19.

In her report, the probation officer states that she has not received a release plan from the BOP, Crocco, or his counsel.

## Discussion

Crocco asks to have his sentence reduced to time served with home confinement as a condition of his supervised release. In support, he contends that his medical conditions put him at increased risk of serious illness if he were to contract COVID-19 and that his current state of physical and mental illness makes him unlikely to commit crimes if he were released.  The government agrees that Crocco has shown an extraordinary and compelling reason to reduce his sentence based on the co-morbidity of his confidential condition and COVID-19 but contends that the sentencing factors preclude relief.

## A.   Extraordinary and Compelling Reason and Exhaustion

There is no dispute that Crocco has shown an extraordinary and compelling reason to support his motion and that he has satisfied the exhaustion requirement.  Therefore, those matters need not be addressed further.

B.   Sentencing Factors

Section 3553(a) states that the "court shall impose a
sentence sufficient, but not greater than necessary, to comply
with the purposes" provided in § 3553(a)(2), and lists factors
for determining an appropriate sentence.  The first two factors
are particularly pertinent for purposes of this motion.[2]  The
first factor directs the sentencing court to consider "the
nature and circumstances of the offense and the history and
characteristics of the defendant."  § 3553(a)(1).  The second
factor focuses on the purposes of sentencing, including:

> the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to
> promote respect for the law, and to provide just
> punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the
> defendant; and
> (D) to provide the defendant with needed educational
> or vocational training, medical care, or other
> correctional treatment in the most effective manner.

§ 3553(a)(2).

The court considered the § 3553(a) factors when Crocco was
sentenced in 2019 to 144 months of incarceration, which was an
appropriate sentence for his serious crime and in light of his

---

[2] The third factor directs consideration of "the kinds of
sentences available;" the fourth and fifth factors focus on the
Sentencing Guidelines; the sixth factor addresses "the need to
avoid unwarranted sentence disparities;" and the seventh factor
directs courts to consider the defendant's restitution
obligations.

extensive criminal history.  While Crocco has shown that he may
have additional risks associated with the COVID-19 pandemic,
which is an intervening change in the circumstances related to
sentencing, he has not shown that the sentencing factors support
a reduction in his sentence.

In support of his motion, Crocco contends that he no longer
needs to be imprisoned to protect the public from further
criminal acts.  He argues that he is too physically and mentally
ill to commit further crimes.  Just last May, however, he was
found guilty of a serious offense and lost forty-one days of
good conduct time.  He is also assessed to be at a high risk for
recidivism, which is considered by the court to be a significant
aggravating factor.  Based on those circumstances and a lack of
evidence that his physical and mental conditions would preclude
criminal activity, Crocco has not shown that his sentence is
unnecessary to protect the public from further crimes.

He also argues that a reduction in his sentence is
necessary to allow him to get the medical care he needs for his
urinary tract condition, which requires surgery.  He does not
show, however, that his opportunity for medical care would
increase if he were released from prison.  In addition, he
contends that he is unable to get the educational and mental
health programs that he needs because of the current risk from

COVID-19 in the prison.  He has not shown that such programs

would be more readily available to him if he were released.

The sentencing factors under § 3553(a) support the sentence

imposed and weigh heavily against granting the motion for a

reduction in sentence.


## Conclusion

For the foregoing reasons, Crocco's motion for a reduction

of his sentence (document no. 81), the sealed supplemental

motion (document no. 86), and the amended supplemental motion

(document no. 97) are denied.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

March 8, 2021

cc:  Counsel of record.

8